UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN BURDA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 3:10-cv-00985 |
| | )   Judge Sharp |
| DAVID SEXTON, WARDEN, | ) |
| | ) |
| Respondent. | ) |

## ORDER

The petitioner, John Burda, has filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 (Docket No 1) The petitioner is an inmate at the Northeastern Correctional Complex (NECX) in Mountain City, Tennessee The petitioner challenges the legality of his confinement under an August 2, 2006, judgment of the Dickson County Circuit Court convicting him of one count of solicitation of a minor and twenty-one counts of especially aggravated sexual exploitation of a minor. (Addendum 8, pp. 692-94). At a sentencing hearing conducted on August 30, 2006, the trial court merged the twenty-one convictions of especially aggravated sexual exploitation into seven counts and sentenced the defendant to an effective term of twenty-two years. (Addendum 9, pp 96-97, 102).

By order and accompanying memorandum entered on March 9, 2011, the court denied the petition for *habeas corpus* relief as to grounds two through five of the petition and dismissed those claims with prejudice (Docket Nos. 25 and 26). As to ground one of the petition, the court rejected the respondent's contention that the judicial misconduct claim was procedurally defaulted and

1

instead found that the petitioner had satisfied the exhaustion requirement as to his claim of judicial misconduct. (*Id*) The court further found that the allegations by the petitioner state a colorable claim of judicial misconduct (*Id*) Consequently, the court ordered the respondent to submit a full briefing of the petitioner's judicial misconduct claim and permitted the petitioner to file a reply brief within thirty (30) days of receipt of the respondent's filing. (*Id*) The court has now received the respondent's brief. (Docket No. 32)

Pending before the court are the following motions: a motion to dismiss by the respondent (Docket No 9) and motions by the petitioner to withdraw the respondent's habeas defenses (Docket No. 14), for sanctions (Docket Nos 30 and 31), to strike response (Docket No. 33), and to request additional time to reply (Docket No 35).

### I.     Respondent's motion to dismiss (Docket No. 9)

The court's order and accompanying memorandum entered on March 9, 2011 (Docket Nos 25 and 26), effectively **GRANT IN PART** the respondent's motion to dismiss insofar as the court denied the petition for *habeas corpus* relief as to grounds two through five and dismissed those claims with prejudice. As to ground one of the petition, the defendant's motion (Docket No. 9) will be **HELD IN ABEYANCE** pending the court's forthcoming order and memorandum addressing the merits of the petitioner's remaining claim of judicial misconduct.

### II.    Motion to withdraw the respondent's habeas defenses (Docket No. 14)

In his motion (Docket No 14), the petitioner alleges that corrections officers at NECX have denied and are denying the petitioner access to current legal research materials  The petitioner essentially argues that, because these officers are agents of the respondent, the court should not allow the respondent to raise certain defenses in response to the petitioner's § 2254 petition  (*Id*)  In

2

addressing the petition for *habeas corpus* relief, the court has considered and will consider the complete record before the court; no relevant and admissible evidence will be excluded. Accordingly, the motion to withdraw the respondent's habeas defenses (Docket No. 14) is **DENIED**.

The petitioner's claims regarding the alleged lack of access to current legal materials are more properly addressed in a civil rights action pursuant to 42 U.S.C § 1983. Indeed, the petitioner himself so recognizes. (Docket No 14 at p 4)("The effect is that the petitioner was/is being denied adequate, effective and meaningful access to the courts by respondent through an adequate law library providing current legal information. The petitioner believes this to be a violation of . . . 42 U S C. § 1983."). Furthermore, at the request of the petitioner, the court previously supplied the petitioner with a packet of materials for filing a civil rights action under § 1983. (Docket No 21)

### III. Motions for sanctions (Docket Nos. 30 and 31)

The petitioner's motions for sanctions (Docket Nos 30 and 31) pertain in large part to the petitioner's allegations regarding the use of perjured testimony and false evidence during the petitioner's state court trial. These allegations and the petitioner's requests for sanctions will be addressed in the court's forthcoming order and memorandum because they relate, in part, to the petitioner's remaining claim of judicial misconduct. Thus, these motions are **HELD IN ABEYANCE.**

### IV. Motion to strike response (Docket No. 33)

In his motion to strike (Docket No 33), the petitioner asks the court to strike the response brief filed by the respondent on April 6, 2011 (Docket No 32). On March 9, 2011, the court ordered the respondent to prepare and submit to the court a full briefing of the petitioner's judicial conduct claim (Docket No. 25 at p. 11). Therefore, the response the petitioner wishes to strike

3

(Docket No. 35) was ordered by the court and, as a result, that response shall not be stricken from the record. The motion to strike is therefore **DENIED**.

To the extent that the petitioner's motion to strike raises allegations related to his judicial misconduct claim and other allegations of ethical misconduct by parties in this case, the court will address those allegations in a forthcoming order.

V. **Request for additional time to reply (Docket No. 35)**

On May 16, 2011, the petitioner submitted a request for additional time within which to reply to the respondent's brief submitted on April 6, 2011 (Docket No. 35). As grounds for his request, the petitioner alleges that he is unable to submit his reply within the proscribed time because (1) the petitioner has been prevented from obtaining access to and copies of certain legal research materials because he is in segregation and has no money in his inmate trust fund account; and (2) on April 14, 2011, five Tennessee Department of Corrections staff members entered the petitioner's cell and destroyed his legal work product and legal mail. (*Id.*) The petitioner believes that the April 14, 2011 incident was in retaliation for grievances recently filed by the petitioner regarding his lack of access to current legal materials.

Like his claims concerning the adequacy of the legal materials to which he has access, the petitioner's claims concerning the interference by prison staff with his legal materials and mail are more appropriately brought as Section 1983 claims challenging the conditions of his confinement. As such, those claims are not appropriate for resolution in the petitioner's *habeas corpus* action. In any event, the court will grant the petitioner additional time within which to submit his reply to the respondent's brief of the petitioner's judicial misconduct claim. The petitioner must submit his reply to the court within fourteen (14) days of his receipt of this order. The court reminds the petitioner

4

that the only issues to be addressed in his reply brief are those issues pertinent to ground one of his petition.

It is so **ORDERED.**

Kevin H Sharp
United States District Judge